# John A. Goetz, Plff. in Err., *v.* Burgess, etc., of the Borough of Butler.

In the absence of statute, a municipal corporation is not liable for damages occasioned by negligence of the officers of a private corporation over which its control is purely legislative or public.

(Decided November 2, 1885.)

Error to the Court of Common Pleas of the Borough of Butler, to review a judgment for defendants. Affirmed.

During the latter part of the year 1884 pipes were laid by a private company from the Creswell natural-gas well, along Lookout avenue in the borough of Butler, in front of property owned by John A. Goetz, for the purpose of supplying the borough with gas. The pipes were so negligently laid that, upon the night of December 20, 1884, a large quantity of gas forced its way out of the pipes into the cellar of J. A. Goetz. It there became ignited and exploded, completely demolishing the house and burning the personal property of Goetz, besides causing the death of one of his sons. For damages on account of these injuries, Goetz brought this action against the burgess and town council of the borough of Butler. Upon motion of the defendants, the court below granted a nonsuit, and, to review an order refusing to take off the nonsuit, plaintiff brought error.

NOTE.—A similar determination is found where the injury occurred from defective water mains owned and controlled by commissioners appointed by the court of common pleas, and not by the city. Ashby v. Erie, 85 Pa. 286. Municipal corporations are not liable for injuries which might have been prevented by the exercise of its discretionary legislative power,—such as the forbidding of dogs upon the streets (Smith v. Selinsgrove, 199 Pa. 615, 49 Atl. 213), or prohibiting the sale of fireworks (McDade v. Chester, 117 Pa. 414, 2 Am. St. Rep. 681, 12 Atl. 421), or for failure to exercise its charter power to abate nuisances (Allebrand v. Duquesne, 11 Pa. Super. Ct. 218). But the municipality has been held liable for the failure to exercise proper police supervision over wires of private corporations on the public streets, as a result of which a telephone wire came in contact with an electric-light wire and killed plaintiff's son. Mooney v. Luzerne, 186 Pa. 161, 40 L. R. A. 811, 40 Atl. 311. This case overrules West Chester v. Apple, 35 Pa. 284, 78 Am. Dec. 336.

See editorial note to Mitchell v. Charleston Light & Power Co. 31 L. R. A. 581, presenting the authorities as to liability of municipal corporations for negligence of companies furnishing electricity.

*E. McJunkin, J. M. Galbraith, T. C. Campbell,* and *C. A. Sullivan,* for plaintiff in error.—What is, and what is not, negligence in a particular case is generally a question for the jury, and not for the court. Under proper instructions it should usually be submitted to the jury to find whether proper care has been exercised under the particular circumstances. McKee v. Bidwell, 74 Pa. 218; Westchester & P. R. Co. v. McElwee, 67 Pa. 315; McCully v. Clarke, 40 Pa. 406, 80 Am. Dec. 584; Fritsch v. Allegheny, 91 Pa. 228; Born v. Allegheny & P. Pl. Road Co. 101 Pa. 334; Pennsylvania R. Co. v. Henderson, 51 Pa. 315.

Where the measure of duty is not unvarying; where a higher degree of care is demanded under some circumstances than under others; where both the duty and the extent of its performance are to be ascertained as facts,—a jury alone can determine what is negligence, and whether it has been proved. Westchester & P. R. Co. v. McElwee, 67 Pa. 315.

Even where there is no evidence of notice of an obstruction given to any officer of the corporation, and it has been there not exceeding a week, it ought to be submitted to the jury to find, upon all the evidence, whether the want of such knowledge was the result of omission to exercise proper supervision of the road; and whether, by reason of such omission, the defendant was negligent in not having discovered and removed the nuisance before the time of the accident. Born v. Allegheny & P. Pl. Road Co. 101 Pa. 336.

Where any person has a right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise the function, there the right and the authority give rise to the duty; but when the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed. Carr v. Northern Liberties, 35 Pa. 324, 78 Am. Dec. 342.

If plaintiff, then, had a right to demand that the street upon which his property fronted should be kept in repair and in a safe condition, there was a duty owing to him by the municipality.

Where a statute imposes a duty and gives the means of performing it, the statute is mandatory. Veazie v. China, 50 Me. 518; Milford v. Orono, 50 Me. 529.

Power conferred by statute on public officers concerning rights of third parties may be enforced as a duty, though the language is permissive. Hogan v. Devlin, 2 Daly, 184.

If a public body is clothed with the right to do a thing which public interest requires to be done, the execution of the power may be enforced as a duty, although the language of the statute is simply permissive. Hines v. Lockport, 5 Lans. 16–21; New York v. Furze, 3 Hill, 612; Sedgw. Stat. & Const. L. 331.

Streets belong to the state, but their regulation is given to the municipality for corporate purposes. They are subject to the paramount authority of the state in respect to its general and more extended uses. Philadelphia & T. R. Co.'s Case, 6 Whart. 25, 36 Am. Dec. 202; Southwark R. Co. v. Philadelphia, 47 Pa. 314; Branson v. Philadelphia, 47 Pa. 332; Frankford & P. Pass. R. Co. v. Philadelphia, 58 Pa. 123, 98 Am. Dec. 242.

Telegraph companies hold their charters upon the implied condition that they shall be subject to such reasonable regulations as the city shall think necessary to enact for the protection of the citizens. Philadelphia v. Western U. Teleg. Co. 2 W. N. C. 455, 33 Phila. Leg. Int. 129. See also Scranton v. Catterson, 94 Pa. 202.

The Constitution provides that the exercise of the police power of the state shall never be abridged, or so construed as to permit corporations to conduct their business in such a manner as to infringe the equal rights of individuals or the general well being of the state. Art. 16, § 3.

As to individuals placing obstructions upon the streets, it has been held that, although not nuisances *per se,* if they become so by means of decay, it becomes the duty of the municipality to remove them; and a liability for injury accrues if not done. Norristown v. Moyer, 67 Pa. 355; Allegheny v. Zimmerman, 95 Pa. 287, 40 Am. Rep. 649.

It was not material that the authorities did not foresee the danger likely to occur. Pittsburgh v. Grier, 22 Pa. 55, 60 Am. Dec. 65.

Where the defect in a lawful structure is latent or is the work of a wrongdoer, either express notice of it must be brought home to the corporation, or the defect must be so notorious as to be evident to all who have occasion to pass the place, or to observe the premises; in which case the corporation is charged,

—being in fault for not knowing the fact. Shearm. & Redf. Neg., § 148; Rapho Twp. v. Moore, 68 Pa. 404, 8 Am. Rep. 202.

For a latent defect, a city is not liable for injuries unless it had notice; but a defect is not latent, which can be seen by the exercise of reasonable care and examination. If an alleged defect in a sewer where a break occurs is patent for so long a time prior to the injury that it ought to have been discovered and repaired by the city, the plaintiff may recover without actual notice. Vanderslice v. Philadelphia, 103 Pa. 102.

Notice of knowledge will be assumed where the circumstances are such that the municipal authorities, by the exercise of proper and reasonable diligence, might have known of the defect which caused the damage complained of. Kibele v. Philadelphia, 105 Pa. 44.

There was evidence in the case tending to prove want of care on the part of the authorities, previous to the explosion. Pennsylvania R. Co. v. Henderson, 51 Pa. 315; Westchester & P. R. Co. v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218.

The question of contributory negligence was for the jury. Born v. Allegheny & P. Pl. Road Co., 101 Pa. 336; Kibele v. Philadelphia, 105 Pa. 44.

It was argued before the court below, upon the motion for a nonsuit, that, if the gas company laying the pipes is liable, the borough is not. This is not correct. The plaintiff can follow either. If he recovers from the borough there is a remedy over against the wrongdoer. Scranton v. Catterson, 94 Pa. 202; Dill. Mun. Corp., § 795; Philadelphia v. Weller, 4 Brewst. (Pa.) 24; Nanticoke v. Warne, 16 W. N. C. 44.

*Thompson & Son, Charles McCandless,* and *Lev. McQuiston,* for defendants in error.—To render municipal corporations liable to private actions for omission or neglect to perform a corporate duty imposed by general law on all towns and cities alike, and from the performance of which they derive no compensation or benefit in their corporate capacity, an express statute is necessary. Oliver v. Worcester, 102 Mass. 499, 3 Am. Rep. 485; Riddle v. Locks & Canals, 7 Mass. 169, 187; Mower v. Leicester, 9 Mass. 247, 6 Am. Dec. 63; Holman v. Townsend, 13 Met. 297; Brady v. Lowell, 3 Cush. 121; Providence v. Clapp, 17 How. 161, 15 L. ed. 72.

When a municipal corporation engages in things not public

in their nature, acts as a private individual, no longer legislates, but contracts, it is as much bound by its engagements as is a natural person. The distinction between public duties and private business is wide and obvious. It is, perhaps, nowhere better stated than by Chief Justice Nelson, in Bailey v. New York, 3 Hill, 538, 38 Am. Dec. 669, and Oliver v. Worcester, 102 Mass. 501, 3 Am. Rep. 485.

It may assist to an understanding of the extent of legislative power over municipal corporations proper, incorporated towns, and cities, to observe that these, as ordinarily constituted, possess, according to many courts, a double character,—the one, governmental, legislative, or public, the other, in a sense, proprietary or private. 1 Dill. Mun. Corp. §§ 10, 39, 761, 764, 778, 779, and notes.

The distinction is well established between the responsibilities of towns and cities for acts done in their public capacity in the discharge of duties imposed upon them by the legislature for the public benefit, and for acts done in what may be called a private character in management of property, or rights voluntarily held by them for their own immediate profit or advantage as a corporation, although inuring, of course, ultimately to the benefit of the public. Oliver v. Worcester, 102 Mass. 489, 499, 3 Am. Rep. 485. In the one case no private action lies unless it be expressly given by statute; in the other there is an implied or common-law liability for the negligence of their officers in the discharge of such duties. Dill. Mun. Corp. §§ 10, 39, 761, 764, 778, 779, and notes; Western Sav. Fund Soc. v. Philadelphia, 31 Pa. 175, 185; Bailey v. New York, 3 Hill, 531, 38 Am. Dec. 669; Small v. Danville, 51 Me. 359; Jones v. New Haven, 34 Conn. 1; Western College of Homeopathic Medicine v. Cleveland, 12 Ohio St. 375; Howe v. New Orleans, 12 La. Ann. 481; Martin v. Brooklyn, 1 Hill, 545; Buttrick v. Lowell, 1 Allen, 172, 79 Am. Dec. 721; Oliver v. Worcester, 102 Mass. 489, 3 Am. Rep. 485; Touchard v. Touchard, 5 Cal. 306; San Francisco Gas Co. v. San Francisco, 9 Cal. 453; Anne Arundle County v. Duckett, 20 Md. 468, 83 Am. Dec. 557; Weet v. Brockport, 16 N. Y. 161, note; Louisville v. University of Louisville, 15 B. Mon. 642; Louisville v. Com. 1 Duv. 295, 85 Am. Dec. 624; Weightman v. Washington, 1 Black, 39, 17 L. ed. 52; Reading v. Com. 11 Pa. 196, 51 Am. Dec. 534; Richmond v. Long, 17 Gratt. 375, 94 Am. Dec. 461; De Voss

v. Richmond, 18 Gratt. 338, 98 Am. Dec. 646; Detroit v. Corey, 9 Mich. 165, 184, 80 Am. Dec. 78; People *ex rel.* Le Roy v. Hurlbut, 24 Mich. 44, 9 Am. Rep. 103.

The same rule has been held to govern an action against a town by a legal voter therein for an injury suffered while attending a town meeting, for want of repair in the town house, erected and maintained by the town for municipal purposes only, or by a child attending the public school, for an injury suffered by falling into a dangerous excavation in the schoolhouse yard, the existence of which was known to the town, and which had been dug by the order of the selectmen, to obtain gravel for the repair of the highways of the town and to make a regular slope from the nearest highway to the schoolhouse. Eastman v. Meredith, 36 N. H. 284, 72 Am. Dec. 302; Bigelow v. Randolph, 14 Gray, 541; Oliver v. Worcester, 102 Mass. 499, 3 Am. Rep. 485.

PER CURIAM:

The plaintiff was very unfortunate and sustained a great loss, yet we do not think the borough of Butler is legally liable for the damages.

The pipe, as well as the gas, was the property of the gas company. The borough had no interest therein. All control it has over this company and its property is purely legislative or public. It has no such immediate and direct interest in the property of this corporation as to make it liable for the negligence of the officers thereof, in the absence of any statute creating such liability. The plaintiff must seek his remedy against the company or persons whose negligence or misconduct caused his injury.

Judgment affirmed.